# ORIGINAL

SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 JUL 29 PM 12: 40

CLERK _____
SO. DIST. OF GA.

| | |
|---|---|
| ALI RENO HARDEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 310-064 |
| | ) (Formerly CR 308-007) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate confined to federal custody at FCI Williamsburg, in Salters, South Carolina, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. This case is currently before the Court on that motion as well as Petitioner's motion to amend, in which he seeks to add several new claims to his original pleading. (Doc. no. 5.) For the reasons set forth below, Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to amend be **DENIED**, that his § 2255 motion be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

## I. BACKGROUND

Pursuant to an October 9, 2008 superceding indictment, Petitioner was charged with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); one count possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k); one count of possession with intent to distribute cocaine base, in

violation of 21 U.S.C. § 841(a)(1); one count of use of a firearm during the commission of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and one count of possession of marijuana, in violation of 21 U.S.C. § 844. United States v. Harden, CR 308-007, doc. no. 22 (S.D. Ga. Oct. 9, 2008) (hereinafter "CR 308-007"). On October 21, 2008, the government filed a notice pursuant to 21 U.S.C. § 851, which informed Petitioner that he was subject to an enhanced sentence under 21 U.S.C. § 841(b)(1) because of his prior drug conviction for "Possession of Cocaine, Indictment Number 00-FE-271T-Superior Court of Laurens County, State of Georgia, August 8, 2001." Id., doc. no. 29. Petitioner proceeded to trial, and the jury found him guilty on all five counts charged in the superceding indictment. Id., doc. no. 38.

After trial, the United States Probation Office prepared a presentence investigation report ("PSI"). The PSI indicated that Petitioner's prior convictions included, *inter alia*, a 2001 felony conviction in the Superior Court of Laurens County for possession of cocaine. PSI ¶ 38. Petitioner's total offense level and criminal history level yielded an advisory range of 77 to 96 months under the United States Sentencing Guidelines; the PSI provided, however, that the statutory minimum term for the § 841(a)(1) cocaine base count was 120 months due to the prior felony drug conviction, and that the statutory minimum for the § 924(c) firearm count was a 60-month consecutive term. Id. ¶¶ 67-68. Because the high end of the Guidelines range was lower than the statutorily required sentence, the Probation Officer concluded that the applicable Guidelines range was the statutory minimum: "120 months, plus 60 months as to [the § 924(c) count]." Id. ¶ 68. Petitioner did not object to the PSI. Id., addendum.

On February 19, 2009, the Honorable Dudley H. Bowen, Jr., United States District

2

Judge, sentenced Petitioner to 120 months of imprisonment on the § 922(g) firearm count, 60 months on the § 922(k) obliterated serial number count, 120 months on the § 841(a)(1) cocaine base count,[1] and 24 months on the § 844 marijuana count, all to be served concurrently. CR 308-007, doc. nos. 50, 52. Additionally, Judge Bowen imposed a consecutive term of 60 months on the § 924(c) firearm count, resulting in a total sentence of 180 months. Id. A judgment was entered, following which Petitioner filed a direct appeal. Id., doc. nos. 43, 50. On October 30, 2009, the Eleventh Circuit Court of Appeals affirmed Petitioner's convictions. United States v. Harden, 351 F. App'x 393, 396 (11th Cir. 2009) (per curiam).[2] Petitioner did not file a petition for a writ of certiorari with the Supreme Court.

On July 15, 2010, Petitioner filed his original § 2255 motion, in which he raised a single claim: that his trial counsel was ineffective for failing to object that Petitioner's 60-month sentence for the § 924(c) count was improper because it was consecutive rather than concurrent. (Doc. no. 1, pp. 5, 14-17.) Respondent filed a timely response to Petitioner's

---

[1] Judge Bowen explicitly noted at the sentencing hearing that, because of Petitioner's prior state conviction for a drug felony offense, the mandatory minimum term of imprisonment for the § 841(a)(1) cocaine base count was 120 months. CR 308-007, doc. no. 52, pp. 7-9; see also 21 U.S.C. § 841(b)(1)(B) (providing 10-year mandatory minimum sentence for violation of certain drug offenses, including cocaine base possession, by a person who has "a prior conviction for a felony drug offense"). Judge Bowen also noted, upon a challenge by Petitioner, that prior to trial the government had filed a notice of its intent to rely upon Petitioner's prior felony drug offense conviction on October 21, 2008, as required for the enhancement to apply. CR 308-007, doc. no. 52, pp. 7-11, 21-22; see also id., doc. no. 29 (notification of intent to rely upon prior felony drug offense to enhance sentence); 21 U.S.C. § 851(a)(1) (providing for notification requirement).

[2] The only claim Petitioner raised in his direct appeal was that the evidence admitted against him at trial was insufficient to sustain his convictions on the first four counts of the superceding indictment. Harden, 351 F. App'x at 394.

§ 2255 motion, following which Petitioner filed a reply. (Doc. nos. 3, 4.) Subsequently,

Petitioner filed a motion to amend, the details of which are discussed below. (Doc. no. 5.)

Respondent has filed a response in opposition to the motion to amend, and Petitioner has

filed a reply. (Doc. nos. 6, 7.) The Court resolves these matters as follows.

## II.    DISCUSSION

### A.    Motion to Amend

In his motion to amend,[3] which was filed on March 11, 2011, Petitioner seeks to add

the following three new claims to his § 2255 motion:

(1)    his trial counsel provided ineffective assistance by failing to object to the enhancement of his sentence for a prior drug conviction on the basis that the government failed to give notice under 21 U.S.C. § 851;

(2)    his trial counsel provided ineffective assistance by failing to discover, and object, that a prior drug case used to enhance his sentence on the § 841(a)(1) count had actually been dismissed[4]; and

(3)    his sentence should be reduced pursuant to the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372.

---

[3]Petitioner styles his motion to amend as "Supplemental Pleadings Under the Rule 15(d)." (Doc. no. 5.) Federal Rule of Civil Procedure 15(d) authorizes courts to permit a party "to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). While Petitioner may not have discovered the claims he proposes to add until after he filed his § 2255 motion (the pleading to be supplemented), the events he describes in fact occurred prior to, not after, the date he filed his § 2255 motion. Accordingly, Rule 15(d) does not apply in this instance, and Petitioner is not permitted to file the instant motion as a "supplemental pleading" under Rule 15(d). Therefore, the Court construes the instant filing as a motion to amend, and will proceed to analyze it as such.

[4]Petitioner has consolidated the first and second of these claims into a single "issue." (See doc. no. 5, pp. 1-4.) However, the Court has separately enumerated these claims because they raise distinct arguments for relief, as Respondent recognizes in its response. (See doc. no. 6, p. 2.)

(Doc. no. 5.) Respondent contends that the motion to amend should be denied because these claims are untimely and do not relate back to the claim in the original § 2255 motion; Respondent also contends that the claims lack merit. (Doc. no. 6.) In his reply, Petitioner asserts that the new claims do relate back to his original claim because they both fall under the "umbrella" of his trial counsel's purportedly ineffective assistance. (Doc. no. 7.) As explained below, Respondent has the better argument.

Federal Rule of Civil Procedure 15(a)(1)[5] provides that:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

If a party is not entitled to amend as a matter right under Rule 15(a)(1), then "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). As a general rule, leave to amend under Rule 15(a) is given freely. Foman v. Davis, 371 U.S. 178, 182 (1962). That said, leave to amend is not guaranteed, and the decision of whether to grant a motion to amend is within the sound discretion of the trial

---

[5]The Federal Rules of Civil Procedure are applicable to proceedings for habeas corpus "to the extent that the practice in those proceedings: (A) is not specified in a federal statute, the Rules Governing 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions ." Fed. R. Civ. P. 81(a)(4). Similarly, Rule 12 of the Rules Governing § 2255 Proceedings provides that "[t]he Federal Rules of Civil Procedure . . ., to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Furthermore, both the Supreme Court and the Eleventh Circuit have held Federal Rule of Civil Procedure 15 applicable to requests to amend § 2255 motions. See Mayle v. Felix, 545 U.S. 644, 654 (2005); Pruitt v. United States, 274 F.3d 1315, 1317-19 (11th Cir. 2001) (per curiam). Thus, the Court will apply a traditional Rule 15 analysis to Petitioner's motion to amend.

court.  Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. 1981).[6]

"In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment."  Local 472, United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Ind. v. Georgia Power Co., 684 F.2d 721, 724 (11th Cir. 1982) (quoting Foman, 371 U.S. at 182).

A motion to amend that seeks to add claims is properly denied as futile when the claims are without merit or cannot form the basis for cognizable relief.  See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'" (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007))).  In accordance with this principle, "[w]here the statute of limitations bars a cause of action, amendment may be futile and therefore can be denied."  United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000).  Notably, however, under Federal Rule of Civil Procedure 15(c), an amended claim will relate back to the date of the original pleading if it arises "out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading."  Rule 15(c) is narrow; it does not contemplate the addition of "an entirely new claim based on a different set of facts."  Farris v. United States, 333 F.3d 1211, 1215 (11th Cir. 2003) (per curiam) (citing Pruitt, 274 F.3d at 1318).  Moreover, in the context of a habeas corpus action, the fact that claims arise out of the same "trial, conviction, or sentence" is not sufficient for relation

---

[6]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

back. Mayle, 545 U.S. at 664; Farris, 333 F.3d at 1215 ("[T]o relate back, an untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial or sentencing proceeding." (citing Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000))). Rather, it is imperative that the claims be "tied to a common core of operative facts." Mayle, 545 U.S. at 664; see also Pruitt, 274 F.3d at 1319 ("[T]he key factor is whether the amended claims arise from the same underlying facts as the original claims.").

Here, because more than 21 days elapsed between the filing of Respondent's response to Petitioner's § 2255 motion and the motion to amend, Petitioner cannot amend as a matter of right under Rule 15(a)(1). Therefore, the Court will proceed to determine whether he should be permitted to amend under Rule 15(a)(2).

1. **Petitioner's Proposed Amendment is Futile Because the Claims He Seeks to Add Are Untimely**

Motions filed pursuant to § 2255 are subject to a one-year statute of limitations, which begins to run on "the date on which the judgment of conviction becomes final."[7] 28 U.S.C. § 2255(f)(1). Here, because Petitioner did not petition the Supreme Court for a writ of certiorari following his direct appeal, his judgment of conviction became final on or around January 28, 2010, 90 days after the Eleventh Circuit affirmed his convictions on direct appeal. See Clay v. United States, 537 U.S. 522, 525 (2003) ("[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting

---

[7]The Court is mindful that, in certain circumstances, the statutory period begins to run on a date other than the date upon which the conviction became final; however, Petitioner has offered nothing to suggest that any of these alternative limitations periods apply in this case. See 28 U.S.C. § 2255(f)(2) – (4).

the appellate court's affirmation of the conviction."); see also Sup. Ct. R. 13 (providing 90-day time limit from judgment of court of appeals in which to file petition for writ of certiorari). Accordingly, the statute of limitations applicable to Petitioner's § 2255 claims expired on or around January 28, 2011. Petitioner's original § 2255 motion, filed in July of 2010, was timely. However, Petitioner first brought the proposed claims in his motion to amend in March of 2011, more than a month after the period of limitations had expired; such claims will therefore be time-barred unless Petitioner can somehow show otherwise.

As discussed above, one way in which Petitioner might bring these seemingly untimely claims is if his proposed amended claims relate back to the date of his original § 2255 motion under Rule 15(c). However, as Respondent correctly asserts, the proposed claims set forth in the motion to amend are too far removed from his initial claim to relate back to the date Petitioner's original § 2255 motion was filed. The sole claim asserted in Petitioner's original § 2255 motion was that his trial counsel provided ineffective assistance by failing to object that Petitioner's 60-month sentence for the § 924(c) count should have been concurrent rather than consecutive. (Doc. no. 1, pp. 5, 14-17.) This original claim hinges on the legal question of whether the District Court correctly sentenced Petitioner to a consecutive term for the § 924(c) count under the relevant law; the primary factual basis for the claim is simply that Petitioner's counsel did not object to the District Court's purportedly improper imposition of a consecutive sentence. (See id.)

Petitioner's third proposed claim from his motion to amend – that his sentence should be reduced pursuant to the Fair Sentencing Act – bears no relation to the claim from his original § 2255 motion; these claims are totally distinct in terms of their legal and factual bases. As Petitioner points out, his first and second proposed claims from his motion to

amend, like his original claim, are premised on the allegedly ineffective assistance of his trial counsel. However, this similarity speaks only to whether the claims are of a similar type in terms of their legal basis, whereas, in addressing the issue of relation back, "the key factor is whether the amended claims arise from the same underlying facts as the original claims." Pruitt, 274 F.3d at 1319 (emphasis added); see also Mayle, 545 U.S. at 661 (noting that the petitioner had attempted to "artificially truncate[] his claims by homing in only on what makes them actionable in a habeas proceeding").

The primary factual basis for the first of Petitioner's new proposed claims is that the prosecutors in his criminal case did not give notice as required under 21 U.S.C. § 851 for an enhancement based on a prior drug offense, and that his trial counsel failed to object to this lack of notice. (See doc. no. 5, pp. 2-4.) The primary factual basis for the second proposed claim is that the prior drug case used to enhance Petitioner's sentence for the § 841(a)(1) count was purportedly dismissed, and that his lawyer failed to discover this fact and make an appropriate objection. (Id.) Neither of these claims are tied to the "core of operative facts" underlying the claim in Petitioner's original motion that his trial counsel failed to object to Judge Bowen's imposition of a consecutive term of imprisonment for the § 924(c) count. Mayle, 545 U.S. at 664. Indeed, these new claims relate to entirely separate counts of conviction. Moreover, the sentencing issues Petitioner seeks to raise in his first and second new proposed claims, which involve prior convictions, are not the same as the sentencing issue implicated by his original motion, which is limited to the consecutive nature of the sentence imposed on the § 924(c) count. Cf. Dean v. United States, 278 F.3d 1218, 1223 (11th Cir. 2002) (per curiam) (finding relation back appropriate where both amended claim and original claim related to alleged misapplication of same provision of Sentencing

9

Guidelines). Therefore, the Court finds that the proposed claims in Petitioner's motion to amend arise out of different conduct and occurrences than the claim from his original § 2255 motion; accordingly, the new claims cannot relate back to the date of that motion.

Another manner in which Petitioner's proposed amended claims might not be time-barred is if they qualify for equitable tolling, which the Eleventh Circuit has held applicable to the statute of limitations in § 2255 cases. Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003), aff'd, 544 U.S. 295 (2005). Equitable tolling can be applied to prevent application of the AEDPA's statutory deadline, if a petitioner can "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

Here, Petitioner does not make any argument for equitable tolling, and no basis for such tolling is apparent upon an examination of the motion to amend and the record. Accordingly, the Court concludes that there is no basis for equitably tolling the AEDPA's one-year statute of limitations.

Additionally, consideration of otherwise untimely claims for federal habeas relief

may be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has resulted in the conviction of someone who is actually innocent." Murray v. Carrier, 477 U.S. 478, 495-96 (1985); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a petitioner seeking to invoke it must "show that it is more likely than not that no reasonable juror would have convicted him." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "In addition, 'to be credible, a claim of actual innocence must be based on reliable evidence not presented at trial.'" Id. (quoting Calderon v. Thompson, 523 U.S. 538, 559 (1998)).

Here, Petitioner has not presented any new evidence to suggest that he did not commit the offenses with which he was charged such that no reasonable juror would have convicted him. Therefore, the actual innocence exception cannot save the proposed amended claims from being time-barred under the AEDPA.

In sum, the proposed claims in Petitioner's motion to amend would not be brought within the statutory limitations period. Moreover, such claims would not relate back to the date of the original § 2255 motion, and would not qualify for equitable tolling or the "actual innocence" exception. Thus, the proposed amended claims would be time-barred. Petitioner's motion to amend should be denied for futility on this basis alone. Pittman, 209 F.3d at 317.

### 2. Petitioner's Proposed Amendment Is Futile Because the Claims He Seeks to Add Lack Merit

Furthermore, as Respondent persuasively argues, each of the claims Petitioner seeks

11

to bring in his motion to amend lack merit. Petitioner asserts in his first proposed claim that the government did not file a notice under 28 U.S.C. § 851, as is required when the government seeks a sentence enhancement based on a prior drug conviction. (Doc. no. 5, pp. 2-4.) However, the record reflects that the government filed a § 851 notice, which informed Petitioner that he was subject to enhanced punishment on the basis of his prior drug conviction for "Possession of Cocaine, Indictment Number 00-FE-271T-Superior Court of Laurens County, State of Georgia, August 8, 2001."[8] CR 308-007, doc. no. 29. Petitioner identifies no deficiency in the notice provided.

In support of his second proposed claim, Petitioner alleges that his sentence was improperly enhanced under § 851 based on a prior drug case that was actually dismissed. (Doc. no. 5, pp. 2-4.) Petitioner has attached a copy of the purported dismissal order to his motion to amend. (See doc. no. 5, p. 16.) However, as Respondent shows, the dismissal order produced by Petitioner relates to a different case[9] than the case that resulted in the conviction that served as a basis for the enhancement of Petitioner's sentence. Compare id. (dismissal order from "Case No. 2008-FE-0220," executed June 22, 2009), with CR 308-007, doc. no. 29 (showing that conviction relied upon to enhance sentence was from previous 2001 conviction, "Indictment Number 00-FE-271T"); see also PSI ¶¶38, 47 (identifying these cases as separate proceedings).

_____

[8]Of note, the government's § 851 notice includes a certificate of service. CR 308-007, doc. no. 29, p. 5. To the extent that Petitioner claims this notice was served on his lawyer, but not on him, his argument must fail in light of the fact that the statute only requires the government to file the notice with the court and to serve the notice "on the [defendant] or counsel for the [defendant]." 21 U.S.C. § 851(a)(1) (emphasis added).

[9]In fact, the dismissal order produced by Petitioner relates to the state case based on the offense conduct at issue in CR 308-007. See PSI ¶ 47.

In light of these glaring deficiencies in the allegations asserted by Petitioner in support of his first and second proposed claims, Petitioner's trial counsel cannot be held to have provided ineffective assistance of counsel for failing to raise these issues during sentencing. See Strickland v. Washington, 466 U.S. 668, 687-88 (1994). In particular, because the objections contemplated by these claims have no meritorious basis, Petitioner's trial counsel did not provide representation that was objectively unreasonable in failing to raise such objections; nor can Petitioner show that he was prejudiced by any error committed by his counsel related to these issues. Id.; see also Alvord v. Wainwright, 725 F.2d 1282, 1291 (11th Cir. 1984) (noting that counsel may not be held ineffective for failing to raise nonmeritorious issues), *superceded by statute on other grounds*, Insanity Defense Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 2057, *as recognized in* Hargrove v. Solomon, 227 F. App'x 806, 808 (11th Cir. 2007) (*per curiam*).[10]

Petitioner's third proposed claim – that his sentence should be reduced pursuant to the Fair Sentencing Act of 2010 – is also without merit. The Fair Sentencing Act, which amended the sections of § 841 providing penalties for possession of cocaine base by increasing the amounts necessary for the imposition of the mandatory minimum terms of imprisonment, went into effect on August 3, 2010. See Pub. L. No. 111-220, § 2(a)(1) – (2); United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010) (*per curiam*). Petitioner committed the offenses at issue here in 2008, and he was sentenced in February of 2009; both of these events occurred well before the enactment of the Fair Sentencing Act. See CR

---

[10]For a more thorough explanation of the standard applicable to ineffective assistance of counsel claims, see infra, Part II.B, in which the Court discusses the ineffective assistance of counsel claim asserted by Petitioner in his original § 2255 motion.

308-007, doc. no. 22. Of note, 1 U.S.C. § 109 provides:

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

See also Warden, Lewisburg Penitentiary v. Marrero, 417 U.S. 653, 661 (1974) (noting that

§ 109 "bar[s] application of ameliorative criminal sentencing laws repealing harsher ones in

force at the time of the commission of an offense"), *superceded by statute on other grounds*,

Pub. L. No. 93-481 § 2 (2003).

Under Eleventh Circuit law, § 109 bars the Fair Sentencing Act from being invoked

to modify the sentence of a person whose sentencing occurred prior to the date the Act took

effect. Gomes, 621 F.3d at 1346[11]; United States v. Hudson, No. 10-14428, 2011 U.S. App.

LEXIS 9734, at *7 (11th Cir. May 11, 2011) ("Gomes conclusively holds that the [Fair

Sentencing Act] is not retroactive to offenses that were committed before the effective date

of the Act."); but see United States v. Rojas, No. 10-14662, 2011 U.S. App. LEXIS 13677,

at *13 (11th Cir. July 6, 2011) (*per curiam*) (holding that § 109 "cannot bar application of

the [Fair Sentencing Act] to sentencings conducted after its August 3, 2010, enactment").

Because the Fair Sentencing Act cannot apply retroactively in light of the fact that

---

[11]While the Fair Sentencing Act claim in Gomes was brought on direct appeal, Petitioner has offered nothing to suggest that his claim should be treated differently simply because it was raised in a § 2255 motion. District courts that have considered analogous Fair Sentencing Act claims brought in § 2255 motions have uniformly denied relief based on the same reasoning set forth in Gomes. E.g., Brown v. United States, Civil Action 10-0586, 2011 U.S. Dist. LEXIS 47442, at *6 (S.D. Ala. Apr. 5, 2011), *adopted by* 2001 U.S. Dist. LEXIS 47469 (S.D. May 2, 2011); Slocum v. United States, Case No. 10-CV-22894, 2011 U.S. Dist. LEXIS 49157, at *7 (S.D. Fla. Mar. 28, 2011), *adopted by* 2011 U.S. Dist. LEXIS 49128 (S.D. Fla. May 6, 2011); Turner v. United States, CV 611-016, doc. no. 4, p. 3 (S.D. Ga. Mar. 24, 2011) (Edenfield, J.).

Petitioner's offense conduct and sentencing occurred prior to the date that Act took effect, his third proposed claim is without merit.

In sum, in addition to being untimely under the applicable limitations period, each of the proposed claims set forth in Petitioner's motion to amend is without merit. Therefore, the proposed amendment is futile, see Coventry First, LLC, 605 F.3d at 870, and Petitioner's motion to amend should be **DENIED**. (Doc. no. 5.)

### B. § 2255 Motion

As discussed above, Petitioner's sole claim in his § 2255 motion is that his trial counsel was ineffective for failing to object that Petitioner's 60-month sentence for the § 924(c) count was improper because it was consecutive rather than concurrent. (Doc. no. 1, pp. 5, 14-17.) Petitioner argues that the sentence on his § 924(c) count should have run concurrently with the sentences on his other counts under § 5G1.2(c) of the Sentencing Guidelines.[12] Petitioner also cites several of the application notes provided for this section,[13] though he does not explain how these application notes support his contention. (See doc. no. 1, pp. 15-16.) Furthermore, in his reply, Petitioner argues for the first time that his sentence should have been concurrent under the "except" clause of § 924(c)(1)(A), which provides an exception to the sentencing provisions generally applicable to § 924(c) offenses "to the extent that a greater minimum sentence is otherwise provided by this subsection or any other

---

[12]This provision states, "If the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, then the sentences on all counts shall run concurrently, except to the extent otherwise required by law." 18 U.S.C. App'x § 5G1.2(c).

[13]In particular, Petitioner cites to 18 U.S.C. App'x § 5G1.2(c), Application Note 1, which relates to the general application of the section, as well as Application Note 3, §§ 3(B)(i) – (ii), which concerns application of this section in the case of career offenders.

provision of law." (Doc. no. 4.)

Respondent contends in its response that the claim set forth in Petitioner's § 2255 motion lacks merit because, contrary to Petitioner's assertions, § 924(c) requires a consecutive 60-month term of imprisonment irrespective of the Sentencing Guidelines provisions upon which Petitioner mistakenly seeks to rely. (Doc. no. 3.) The Court agrees with Respondent as to the claim set forth in the § 2255 motion, and similarly rejects the argument raised by Petitioner in his reply.

In addressing Petitioner's ineffective assistance of counsel claim, the Court begins with the proposition that this claim is not procedurally barred because it was not raised on direct appeal. Indeed, ineffective assistance of counsel claims may be raised for the first time in collateral proceedings. Massaro v. United States, 538 U.S. 500, 509 (2003). However, such claims are subject to the two-part test enunciated in Strickland, *supra*, which is not a favorable standard to Petitioner. Massaro, 538 U.S. at 505. First, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. In applying this test, reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance[.]" Id.; see also Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing "that petitioner was not entitled to error-free representation"). "A petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Second, Petitioner must establish prejudice by showing "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687.

In applying the Strickland components outlined above, "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Smith v. Wainwright, 777 F.2d 609, 616 (11th Cir. 1985). Under the prejudice component, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome . . . ." Id. at 616 (citing Strickland, 466 U.S. at 694-95). For as the Eleventh Circuit has ruled, an affirmative showing of prejudice that would undermine the results of the proceedings is necessary because "'attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (citations omitted).

"Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). As the Eleventh Circuit has succinctly stated, "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc). "[C]ases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Id. at 1511.

17

Turning its attention to the claim asserted in the instant § 2255 motion, the Court finds that Petitioner's allegation is insufficient to establish that his attorney provided ineffective assistance. Contrary to Petitioner's argument, his 60-month consecutive sentence for the § 924(c) count was mandated by statute. In particular, § 924(c)(1)(A) provides:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any . . . drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such . . . drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years[.]

(Emphasis added). Based on this language, a person convicted under § 924(c) must be sentenced to a term of at least 60 months to run consecutively to the sentence for the underlying drug crime. See United States v. Phaknikone, 605 F.3d 1099, 1111 (11th Cir. 2010) ("Section 924 requires consecutive sentences for [each conviction] under that statute."); United States v. Segarra, 582 F.3d 1269, 1272 (11th Cir. 2009) ("Violations of § 841 carry a mandatory minimum sentence . . . . Section 924(c) requires a 60-month term of imprisonment to be served consecutively." (citation omitted)).

The Sentencing Guidelines account for the situation encountered by Petitioner in the following provision related to sentencing on multiple counts of conviction:

> [T]he sentence to be imposed on a count for which the statute (1) specifies a term of imprisonment to be imposed; and (2) requires that such term of imprisonment be imposed to run consecutively to any other term of imprisonment, shall be determined by that statute and imposed independently.

18 U.S.C. App'x § 5G1.2(a). Therefore, it is apparent that the sentencing provisions of § 924(c), which specify a term of imprisonment and require such term to run consecutively, apply according to the terms of the statute, without modification based on the other counts

18

sentenced. See id.

Moreover, as Respondent points out, the provisions of the Sentencing Guidelines that Petitioner invokes in support of his claim are inapposite. Petitioner attempts to rely on 18 U.S.C. App'x § 5G1.2(c), which provides for consecutive sentences for multiple counts "if the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment . . . except to the extent otherwise required by law." (Emphasis added). Problematically for Petitioner, § 924(c) is a law that requires otherwise, making the concurrent sentence he seeks unavailable. For the same reason, Petitioner misses the mark with his citation to 18 U.S.C. App'x § 5G1.2, Application Note 1, which explains that sentences on multiple counts are generally to run concurrently, "[e]xcept as otherwise required by . . . any other law." (Emphasis added). The remaining application note provisions cited by Petitioner apply only in the case of career offenders, see Application Note 3, §§ 3(B)(i) – (ii); as Petitioner was not sentenced as a career offender, these provisions cannot help him.

The argument raised by Petitioner for the first time in his reply brief – that the "except" clause of § 924(c)(1)(A) exempts him from a mandatory consecutive sentence – is also unavailing. As noted previously, this clause provides an exception to § 924(c)'s mandatory sentencing provisions "to the extent that a greater minimum sentence is otherwise provided by this subsection or any other provision of law." 18 U.S.C. § 924(c)(1)(A). According to Petitioner, the mandatory minimum sentence applicable to his § 841 count, which was 120 months, qualifies as "a greater minimum sentence . . . provided by . . . [another] provision of law," such that he qualified for an exemption from the mandatory minimum consecutive 60-month sentence under § 924(c). (Doc. no. 4.) The United States

19

Supreme Court has explicitly rejected this argument, holding that "a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction." Abbott v. United States, ___ U.S. ___, 131 S. Ct. 18, 23 (2010). The Supreme Court further clarified in Abbott that, "[u]nder the 'except clause' . . . a § 924(c) offender is . . . . subject to the highest mandatory minimum specified for his conduct in § 924(c), unless another provision of law directed to conduct proscribed by § 924(c) imposes an even greater mandatory minimum." Id. (emphasis added). In short, the holding in Abbott squarely forecloses the argument advanced by Petitioner in his reply, as his § 841(a)(1) cocaine base count is a different count of conviction, and § 841(a)(1) does not contain any provision directed at conduct proscribed by § 924(c).

In sum, Petitioner's argument that the sentence on his § 924(c) count should have been concurrent rather than consecutive is without merit; to the contrary, the consecutive sentence was statutorily required, irrespective of the Sentencing Guidelines or the mandatory minimum sentence separately required for the § 841(a)(1) count. Therefore, Petitioner cannot establish that his trial counsel provided objectively unreasonable representation by failing to raise an objection to the consecutive sentence. Strickland, 466 U.S. at 688. Likewise, he cannot show that any prejudice resulting from his counsel's failure to raise the nonmeritorious objection that Petitioner's sentence on the § 924(c) count should have been concurrent; if such an objection had been raised, it would have been properly overruled, and the result of the sentencing would have been the same. See Smith, 777 F.2d at 616 (noting requirement of showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). Accordingly, the Court finds

20

that Petitioner is not entitled to relief on the sole claim set forth in his § 2255 motion.

## III. CONCLUSION

For the reasons set forth above, Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to amend be **DENIED** (doc. no. 5), that his § 2255 motion be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED on this ___ day of July, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE